IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARLENE KAE DRIVER            )
                                                     ) No. 19-89
    v.                                             )

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for supplemental security income benefits, due to mental and physical impairments, at least in part stemming from a 1987 car accident resulting in a five-week coma and traumatic brain injury. Her application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

I.      **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.    THE PARTIES' MOTIONS

Plaintiff first contends that the ALJ failed to consider evidence that her frequency of treatment precludes full-time competitive employment. In particular, Plaintiff meets with a case manager once per week, which takes three hours with transportation. In addition, she has additional regular appointments, including therapy, peer support, and her family physician.

Plaintiff contends that based on the vocational expert's ("VE") testimony, missing two days of work per month – the very least that she would miss, according to her -- precludes competitive employment.  Defendant asserts that the ALJ acknowledged the nature and extent of Plaintiff's mental health treatment at Nulton Diagnostic, which included visits with her blended case manager. Defendant contends that because "the ALJ fully considered the nature of Plaintiff's treatment," he adequately addressed this issue.

With regard to her appointments, Plaintiff essentially contends that the ALJ erred because the residual functional capacity ("RFC") did not include absenteeism as a limitation.  "[T]he ALJ must consider the frequency of a claimant's impairment-related hospitalizations and medical appointments when determining whether the claimant is disabled." Todd v. Berryhill, No. 18-00415, 2019 U.S. Dist. LEXIS 76281, at *5 (D. Del. May 6, 2019).  It may well be that the ALJ did so here, but there is no suggestion that the ALJ considered Plaintiff's appointments or potential absenteeism.  Many disability claimants require ongoing medical care and appointments, and an ALJ need not expressly address absenteeism in every case, or not adopt absenteeism limits not established by the record. Moreover, the frequency of medical appointments alone does not render someone disabled.  However, "the ALJ must still consider the effects of a claimant's treatment in conjunction with the other evidence of record." Kim J. H. v. Saul, No. 18-cv-2736, 2020 U.S. Dist. LEXIS 30972, at *30 (D. Minn. Jan. 27, 2020).

Finally, Plaintiff also challenges the ALJ's failure to properly assess the opinions and evidence offered by neuropsychologist Dr. Wiegers.  Dr. Wiegers concluded that Plaintiff's "ability to sustain competitive employment has been severely compromised by severe and diffuse memory impairment, along with acquired ADD, both an auditory-verbal and a visual processing disorder, and significant impairment of her verbal reasoning and executive

functioning." Dr. Wieger utilized the Wechsler Adult Intelligence Scale-III, the Wechsler Memory Scale-III, the Wechsler Individual Achievement Test-II, and the Rey Complex Figure.

The ALJ gave this opinion "little weight" as it was "not consistent with the objective findings set forth [in the ALJ decision]" and "based in large measure on self-reported symptoms." However, while Dr. Weiger did recount Plaintiff's reported symptoms in the preamble of her report, her conclusions reflect the results of administered testing and her own observations. The ALJ pointed to "mostly normal findings" in Plaintiff's treatment records from 2011-2018, specifically pointing to notations regarding Plaintiff's orientation, intact memory, no suicidal/homicidal ideation, adequate judgment, and good insight, and that Plaintiff was pleasant and cooperative. Those findings appear in mental status exams and progress notes scattered throughout records from Nulton Diagnostic & Treatment Center. The records to which the ALJ cites, however, also contain mental status exams reflecting impaired memory. See, e.g., Tr. p. 696. Under the circumstances, it is unclear which "objective findings" were deemed inconsistent with the findings and conclusions set forth in Dr. Wieger's report, and why.[1] Defendant points to several possible reasons, but I am constrained to consider only the grounds discussed by the ALJ.

For the foregoing reasons, additional consideration by the ALJ is warranted. The Court also recognizes Plaintiff's contention that the ALJ failed to adequately consider her need for a structured environment/work setting in accordance with 20 C.F.R. Part 4 subpart P, appx. 1 12.00(D)(1). Because this matter is being remanded, the ALJ should take the opportunity to clarify the impact of Plaintiff's supported living environment on his conclusions.

---

[1] A note of "intact memory" is the most apparent potential inconsistency. However, the records to which the ALJ cites, however, also contain mental status exams reflecting impaired memory. See, e.g., Tr. p. 696. Defendant's Brief acknowledges that "mental status examination findings…spanning from August 2016 through April 2018 showed…Plaintiff…with poor memory."

4

**CONCLUSION**

Defendant's argument amounts to the assertion that the ALJ considered the entire record, including Plaintiff's treatment and living environment, and this was sufficient. Although Plaintiff seeks reversal and an award of benefits, these issues – the impact of the frequency of appointments occasioned by Plaintiff's impairments, Dr. Wieger's report, and Plaintiff's need for a supported environment -- are best first addressed by the ALJ.  Absent clarification or explanation, this Court is unable to properly assess the record.  This matter will be remanded so for further proceedings consistent with this Opinion. An appropriate Order follows.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated:  July 10, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARLENE KAE DRIVER )
) No. 19-89
    v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

### ORDER

AND NOW, this 10th day of July, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

                      BY THE COURT:

                      *Donetta F. Ambrose*
                      _____
                      Donetta W. Ambrose
                      Senior Judge, U.S. District Court